UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TROY AND PAULA BURLEY AND PAUL ACKERMAN AND JUDY ACKERMAN AS TRUSTEES OF THE ACKERMAN FAMILY TRUST, et al., | ) ) ) ) ) | 3:15-cv-00272-HDM-WGC<br><br>ORDER |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, a subsidiary of AMERICAN INTERNATIONAL GROUP, INC., and DOES 1 through 100, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the court is plaintiffs' motion to remand to state court (#7). Defendant National Union filed a response (#12) and plaintiffs replied (#14). Defendant filed objections to plaintiffs' reply (#15) and requested leave to file a sur-reply (#17). The court granted that motion (#19) and defendant filed a sur-reply (#20).

Plaintiffs are citizens of Nevada and are plaintiffs in an underlying state construction defect lawsuit concerning their Nevada residences. Plaintiffs allege that they obtained a verdict against subcontractor Padilla Construction Company of Nevada ("Padilla") in state court and were awarded a $588,888.32 judgment. Defendant,

1

Padilla's insurer, is a Pennsylvania corporation with its principal place of business in New York.  Plaintiffs allege that defendant has refused or otherwise failed to pay the state court judgment.  In their Second Amended Complaint filed in state court, Plaintiffs allege four causes of action: 1) declaratory relief; 2) satisfaction and enforcement of judgment; 3) breach of duty of good faith and fair dealing; and 4) breach of Nevada insurance laws/statutory bad faith. Defendant removed the action to this court on the basis of complete diversity of the parties.

Pursuant to 28 U.S.C. § 1447(c), once a case is removed to federal court, a motion to remand may be filed on the basis of any defect other than lack of subject matter jurisdiction and must be made within 30 days after the filing of the notice of removal under section 1446(a).  Defendant filed its notice of removal on May 21, 2015 (#1). Plaintiffs timely filed their motion to remand on June 8, 2015 (#7).

In their motion, Plaintiffs assert that because this case is an insurance declaratory relief action inextricably related to the state court case, the court has discretion to decline jurisdiction and remand this action pursuant to the doctrine of abstention. Defendant contends that the discretionary jurisdictional rule is inapplicable because the declaratory relief claim is mixed with other, independent causes of action.  Additionally, defendant contends that even if the doctrine of abstention were to apply in this case, remand would be improper.

**Standards**

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), district courts  have discretion to decline jurisdiction over actions seeking declaratory relief in federal court. The exercise of jurisdiction

2

under the Declaratory Judgment Act "is committed to the sound discretion of federal district courts." *Huth v. Hartford, Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002). In assessing actions for declaratory judgment, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Whether the court should exercise its discretion to decline jurisdiction over a declaratory judgment action is guided by the factors set forth in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942). *See Huth*, 298 F.3d at 803. *Brillhart* requires the court to consider whether declining jurisdiction will (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Id.* at 803.

However, the *Brillhart* factors do not apply when other claims (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or other monetary relief) are joined with an action for declaratory relief. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 & n. 6 (9th Cir. 1998). "Claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdiction rule." *Snodgrass v. Provident Life & Accident Ins. CO.*, 147 F.3d 1163, 1167 (9th Cir. 1998)(citing *Maryland Cas. Co. v. Knight*, 96, F.3d 1284, 1289 & n. 6 (9th Cir. 1996)). Rather, such claims invoke the "virtually unflagging" obligation to exercise jurisdiction. *First State Ins. Co. v. Callan Assocs. Inc.*, 113 F.3d 161, 163 (9th Cir. 1997) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817

3

(1995)). *See also Dizol*, 133 F.3d at 1225-26 & n. 6 (stating that, as a general rule, the court should not remand when other claims are joined with an action for declaratory relief).

In *Snodgrass*, the Ninth Circuit provided the following guidance for courts seeking to determine whether jurisdiction over actions with both declaratory and monetary claims remained discretionary or became mandatory:

> The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case.

*Snodgrass*, 147 F.3d at 1167-68. The Ninth Circuit later refined the relevant question to be "whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001). "In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether the claim must be joined with one for declaratory relief." *Id.* at 1113.

**Analysis**

Plaintiffs' complaint asserts claims for both declaratory relief and monetary damages. Applying the preceding principles, the motion to remand fails. As an initial matter, defendant had a proper basis for removal. The parties' citizenship is diverse for the purposes of 28 U.S.C. § 1332—plaintiffs are citizens of Nevada and defendant is a Pennsylvania corporation with its principal place of business in New York—and the amount in controversy exceeds $75,000. *See* #1.

4

Plaintiffs do not dispute that defendant properly removed this case pursuant to the court's diversity jurisdiction.

Plaintiffs' suit seeks damages, both actual and punitive, from defendant for allegedly breaching the duty of good faith and fair dealing and violating Nevada's Unfair Claims Practices Act. These claims for damages are independent of the claims for declaratory relief. While the claims may be related to the declaratory relief, they are not dependent on the declaratory relief claims as they could have been brought separately pursuant to the court's diversity jurisdiction. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) (noting that the district court had to retain jurisdiction over a bad faith suit filed with a declaratory relief claim). As such, the claims "could be litigated in federal court even if no declaratory claim had been filed."[1] *R&D Latex Corp.*, 242 F.3d at 1113.

The court finds plaintiffs' attempts to distinguish *Snodgrass* and the surrounding case law unavailing. Plaintiffs represent that "only in a situation in which there was not a valid judgment against the insured in a related case did the *Snodgrass* Court determin(e) that the monetary claims were independent coercive claims." #14 at 10. Plaintiffs argue that the court may decline jurisdiction because their claims for breach of the duty of good faith and fair dealing and violations of Nevada's Unfair Claims Practices Act are wholly dependent on their claims for declaratory relief. *Id.* at 11. Plaintiffs also assert that they did "not intend to bring independent

---

[1] The parties have not presented evidence that would establish that the jurisdictional threshold has been met in this action if the monetary claims were brought without the requested declaratory relief claim. Nonetheless, the requested compensatory and punitive damages appear to meet the amount-in-controversy requirement. *See* #1 at ¶¶ 3.5, 3.6, 4.5, 4.6, 4.7.

monetary claims . . . that are not dependent upon the declaratory relief action." *Id.* at 11.

Under Nevada Unfair Claims Practices Act, NRS 686A.310, however, an insurer is liable for engaging in certain unfair practices. Plaintiffs seek damages against defendant for violations of NRS 686A.310 because defendant allegedly (1) misrepresented to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue, (2) failed to acknowledge and act promptly upon communications with respect to claims arising under insurance policies, (3) failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies, (4) failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured, (5) failed to effectuate prompt, fair and equitable settlement of claims in which liability of the insurer has become reasonably clear, and (6) failed to reference in the original denial letter the specific policy provision, condition or exclusion for the ultimate denial. #1 at 16.  Thus, although the question regarding coverage may be relevant, the bad faith claims seek damages regardless of whether coverage is owed. Accordingly, because the monetary claims "exist independent of the request for a declaration," the motion to remand (#7) should be and is hereby **DENIED**. *Snodgrass*, 147 F.3d at 1167-68.

IT IS SO ORDERED.

DATED: This 6th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE

6