**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TROY AND PAULA BURLEY AND PAUL ACKERMAN AND JUDY ACKERMAN AS TRUSTEES OF THE ACKERMAN FAMILY TRUST, et al., | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, a subsidiary of AMERICAN INTERNATIONAL GROUP, INC., and DOES 1through 100, inclusive, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

3:15-cv-00272-HDM-WGC

ORDER

Before the court is defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") motion to dismiss for failure to state a claim(#5). Plaintiffs responded (#26) and defendant replied (#28). Also before the court is defendant's request for judicial notice in support of its motion to dismiss(#6). Plaintiffs responded (#25).

**I.   Request for Judicial Notice**

A district court may take judicial notice of any fact not subject to reasonable dispute in that it is capable of accurate and ready

1

determination by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b).  This includes public records of judicial proceedings that are not subject to reasonable dispute when those proceedings relate to matters at issue. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-91 (9th Cir. 2001).  However, "[a]s a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Defendant requests that the court take judicial notice of the August 13, 2012 order of the United States Bankruptcy Court for the Central District of California (#6 Ex. 1).  Plaintiffs do not oppose the request "to the extent that Plaintiffs acknowledge that an Order Granting Motion for Relief from the Automatic Stay was issued in the U.S. Bankruptcy Court" that permitted Plaintiffs to "pursue the insurance of Padilla Construction Company of Nevada for payment of a final judgment in [the state court case] based upon assignment by Silverstar to Plaintiffs." (#25 at 2).  Accordingly, the court takes judicial notice of this public record to the extent set forth above.

Defendant also requests that the court take judicial notice of Padilla Construction Company's opening brief appealing plaintiffs' state court judgment filed on May 13, 2015. (#6 Ex. 2).  Plaintiffs object to this request because the opening brief was stricken from the record by the Nevada Supreme Court on July 6, 2015. (#25 at 2).  The defendant's request is denied.

## II.  Motion to Dismiss

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1154 (9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

The court need not, however, accept as true those allegations that (1) contradict matters properly subject to judicial notice; (2) are conclusory allegations of law, mere legal conclusions, unwarranted deductions of fact, or unreasonable inferences; (3) are contradicted by documents referred to in the complaint; or (4) are internally inconsistent.  *Shwarz*, 234 F.3d at 435; *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *rev'd on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

## A.    Background

This action arises out of a state court construction defect case. Silverstar Development/Village 15 at Arrowcreek, LLC and Chantalaine A.C., LLC ("Silverstar"), a defendant in the state case, filed a third party complaint and cross claim against Padilla Construction Company of Nevada ("Padilla"), a subcontractor who performed work for Silverstar.  Following this filing, Padilla filed for Chapter 11 bankruptcy protection.  Prior to the trial, Silverstar received an order from the United States Bankruptcy Court for the Central District of California, granting Silverstar the express ability to enforce any judgment against Padilla by "[c]ollecting upon any available insurance."

Plaintiffs allege that in the state court action, they entered into a settlement with Silverstar that included the assignment to plaintiffs by Silverstar and Silverstar's insurer, Clarendon America Insurance Company, all of Silverstar's claims for relief asserted against Padilla. Plaintiffs further allege that they obtained a verdict in the case and were awarded a $588,888.82 judgment against Padilla.  Defendant National Union is Padilla's insurer in the underlying state court case.  Plaintiffs allege that the defendant has refused or otherwise failed to pay the state court judgment.

## B.    Analysis

Plaintiffs' second amended complaint (#1 at 7-17) alleges four causes of action: (1) declaratory relief; (2) satisfaction and enforcement of judgment; (3) breach of duty of good faith and fair dealing; and (4) breach of Nevada insurance laws/statutory bad faith. Defendant moves to dismiss all causes of action.  The parties agree that Nevada law applies.  (#5; #26 at 7).

1. Declaratory Relief and Satisfaction and Enforcement of Judgment

Defendant argues that plaintiffs' claims for declaratory relief and satisfaction and enforcement of judgment should be dismissed as premature. (#5 at 7). Defendant contends that, because the state court judgment is being appealed, the judgment is not final and can be reversed or modified. (*Id.*).

Plaintiffs contend that their claims are ripe for determination because defendant failed to follow the procedures for postponing the commencement of a judgment. (#26 at 8). Specifically, plaintiffs rely on NRCP 62(d), which allows an appellant to post a supersedeas bond to stay of the execution of a judgment, and NRAP 8(a)(1)(B), which provides that a party must first move in the district court for approval of a supersedeas bond to stay the execution of a judgment pending appeal. (*Id.*). Thus, as defendants have not posted a supersedeas bond, plaintiffs argue that their claims regarding the final judgment obtained against Padilla in state court are ripe. (*Id.* at 8-10).

"[U]nder Nevada law, declaratory relief between a third party claimant and an insurer is proper only after the third party obtains a tort judgment against the tortfeasor." *Vignola v. Gilman*, 804 F. Supp. 2d 1072, 1077 (D. Nev. 2011) (citing *Knittle v. Progressive Cas. Ins. Co.*, 112 Nev. 8, 908 P.2d 724, 726 (1996)). The third party claimant's rights against a tortfeasor's insurer mature when the claimant obtains a judgment against the tortfeasor. *Roberts v. Farmers Ins. Co.*, 91 Nev. 199, 533 P.2d 158, 159 (1975). As such, a tort claimant "can assert no legally protectible interest" until the claimant establishes the tortfeasor's liability by obtaining a tort

judgment against the tortfeasor. *Knittle*, 908 P.2d at 726.

Here, plaintiffs have a justiciable claim for declaratory relief against Padilla's insurer, defendant National Union. Plaintiffs' second amended complaint alleges that, as assignees of Silverstar, they obtained a judgment in the underlying state court case. Thus, plaintiffs have a claim against defendant for declaratory relief and satisfaction and enforcement of judgment as the underlying tort suit resulted in a final judgment. Pursuant to NRCP 62(d), a stay of execution of a judgment becomes effective once the supersedeas bond is filed. The defendant has not posted a supersedeas bond to stay the execution of the judgment in the underlying state court case. Accordingly, the court denies defendant's motion to dismiss plaintiffs' claims for declaratory relief and satisfaction and enforcement of judgment.

### 2.   Breach of Good Faith and Fair Dealing

Defendant argues that plaintiffs lack standing to sue for bad faith. First, defendant asserts that while plaintiffs were assigned the ability to "enforce any judgment" obtained against Padilla by "[c]ollectng upon any available insurance," that does not include an assignment of Padilla's rights. (#5 at 7-8). Second, defendant argues that it does not owe a duty of good faith and fair dealing towards the alleged creditors of its insured. (*Id.* at 8). Finally, defendant contends that even if plaintiffs had standing to sue for bad faith, their claims would fail because they have failed to allege facts to support their claim. (*Id.* at 8-10).

Plaintiffs have not cited any case in which a third party claimant was allowed to directly proceed against their tortfeasor's insurer for a breach of good faith and fair dealing. Nonetheless,

1  plaintiffs assert that they have standing to bring bad faith claims
2  pursuant to Federal Rule of Civil Procedure 18(a).[1]  (#26 at 10).

3      In Nevada, third parties cannot bring breach of good faith and
4  fair dealing claims against a tortfeasor's insurance company because
5  they have no contractual relationship with the insurer.  *See Gunny v.*
6  *Allstate Ins. Co.*, 108 Nev, 344, 830 P.2d 1335, 1336 (1992); *see also*
7  *Tweet v. Webster*, 610 F. Supp. 104, 106 (D. Nev. 1985) (noting that
8  Nevada courts have refused to extend insurance company's liability to
9  a third party absent the special element of reliance).  Liability for
10  bad faith is tied to the covenant of good faith and fair dealing
11  arising out of an underlying contractual relationship.  *United Fire*
12  *Ins. Co. v. McClelland*, 105 Nev. 504, 750 P.2d 193, 197 (1989).  As
13  such, "[w]hen no contractual relationship exists, no recovery for bad
14  faith is allowed."  *Id.*  However, the Nevada Supreme Court has
15  suggested that there is an exception if the third party is a specific
16  intended beneficiary of the policy or has relied to its detriment on
17  the representations made by the insured.  *Beregerud v. Progressive*
18  *Cas. Ins. Co.*, 453 F. Supp 2d 1241, 1247-48 (D. Nev. 2006); *Vignola*,
19  804 F.2d at 1076.

20      Plaintiffs' second amended complaint fails to allege the
21  existence of a contractual relationship between plaintiffs and
22  defendant.  Rather, plaintiffs are third party claimants against
23  defendants' insurance policy with Padilla.  Plaintiffs do not allege
24  that they are specific intended beneficiaries or that they
25  detrimentally relied on defendant's representations.  Thus, under
26  Nevada law, plaintiffs do not have standing to bring a claim of bad
27

28      [1] Rule 18(a) concerns joinder of claims, rather than standing to
sue for bad faith.

7

faith against defendant.  The court, therefore, grants defendant's motion to dismiss as to plaintiffs' breach of good faith and fair dealing claims.

### 3.   Breach of Nevada Insurance Laws/Statutory Bad Faith

Defendant argues that plaintiffs also lack standing to sue for unfair claims practices.  Defendant states that plaintiffs were only assigned the ability to "enforce any judgment" obtained against Padilla, which it argues does not include the right to sue for unfair claims practices.  Additionally, defendant argues that plaintiffs do not allege that the Unfair Claims Practices Act provides a cause of action to a third party claimant who is suing the insured.  Moreover, even if plaintiffs were to have standing, defendant maintains that they have not alleged facts to support their claim as they have not alleged that Padilla suffered any damages as a result of any alleged violation.  Plaintiffs do not address defendant's standing argument, but argue generally that they have alleged facts sufficient to support their claims for unfair claims practices.  (#26 at 10-13).

Under Nevada's Unfair Claims Practices Act, NRS 686A.310, an insurer is liable for engaging in certain unfair practices.  The Act makes an insurer liable to the insurance commissioner and "to its insured for any damages sustained by the insured as a result of the commission of any act set for in subsection 1 as an unfair practice." NEV. REV. STAT. 686A.310(2).

In *Tweet v. Webster*, 614 F. Supp. 1190, 1195 (D. Nev. 1985),this Court held that third party claimants have no private cause of action under NRS 686A.310.  *See also Crystal Bay Gen. Improvement Dist. v. Aetna Casualty & Surety Co.*, 713 F. Supp. 1371, 1376 (D. Nev. 1989) (holding that NRS 686A.310 creates no cause of action for a third

party claimant against an insurer). The Nevada Supreme Court subsequently agreed in *Gunny v. Allstate Ins. Co.*, 108 Nev. 344, 830 P.2d 1335, 1336 (1992)(citing *Crystal Bay*, 713 F. Supp. at 1377).

As previously discussed, plaintiffs have not alleged that they are covered as insureds under the policy or that they have a contractual relationship with the defendant. Therefore, plaintiffs have not alleged sufficient facts to establish standing to assert a claim under NRS 686A.310. Accordingly, the court grants defendant's motion to dismiss as to plaintiffs' statutory bad faith claims.

### 4.   Punitive Damages

Defendant argues that plaintiffs' claim for punitive damages should be dismissed and/or stricken because the only possible basis for awarding punitive damages fails as a matter of law. (#5 at 11-14). On the other hand, plaintiffs argue that, as they "have properly asserted their cause of action for bad faith, the trier of fact could reasonably determine that National Union's conduct amounts to a conscious disregard of the rights of Plaintiffs/insured." (#26 at 15).

Even though punitive damages are a remedy, and not a claim, plaintiffs must still plead facts to support an award of punitive damages in order to maintain a prayer for them in their complaint. In Nevada, punitive damages are available "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied." NEV. REV. STAT. § 42.005(1). By this order, the court has dismissed the breach of good faith claim. Punitive damages are not available for the remaining claims, declaratory relief and satisfaction and enforcement of judgment. Therefore, plaintiffs are not entitled to recover

punitive damages as a matter of law.  Accordingly, defendant's request to dismiss plaintiffs' prayer for punitive damages is **GRANTED.**

### 5.   Attorneys' Fees

Finally, defendant moves to dismiss and/or strike plaintiffs' request for attorneys' fees.  Defendant argues that Nevada generally follows the "American Rule" under which each party must bear their own attorneys' fees.  (#5 at 14).  Defendant also asserts that plaintiffs have not cited any statute, rule, or contractual provision under which recovery for attorneys' fees is possible.  (*Id.*).

Plaintiffs explain that they may be entitled to attorneys' fees and costs as the prevailing party, pursuant to the applicable insurance policy, and under their common law bad faith claims.  (#26 at 17).  Because plaintiffs contend that the defendant has not provided the applicable insurance policy, they argue that the Court cannot make any determinations regarding the fees recoverable under the policies.  (*Id.*).  Additionally, plaintiffs contend that the state court awarded them $228,696.12 in attorney's fees and costs in the underlying state court action.  (*Id.*).

A court may grant a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) if the contested language constitutes an "insufficient defense or any redundant, immaterial, or scandalous matter."  The attorney's fees and costs awarded in the underlying state court action are part of the first and second causes of action for relief for declaratory judgment and satisfaction and enforcement of judgment.  As such, they are not recoverable under a request for attorneys' fees in this case.  Additionally, by this order the court dismissed plaintiffs' claims for bad faith.  As plaintiffs have not pled a basis for the recovery of attorneys' fees, the court will **GRANT**

defendant's request to strike plaintiffs' request for attorneys' fees.

**C.    Amendment**

Plaintiffs state that they will be seeking leave in order to file a third amended complaint "to provide more detailed facts that have come to light since the filing of the original complaint." (#26 at 11 & n.7).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." However, leave to amend "is not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Id.* The court will grant plaintiffs leave to amend their second amended complaint if plaintiffs can allege that they are a named insured or specific intended beneficiaries under the terms of the insurance policy. Additionally, plaintiffs may amend their complaint to restore their request for punitive damages and attorneys' fees if they can demonstrate a basis for recovery consistent with this order.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1    In accordance with the foregoing, defendant's motion to dismiss
2  (#5) is hereby **GRANTED WITH LEAVE TO AMEND** as to the breach of good
3  faith and fair dealing, statutory bad faith, punitive damages, and
4  attorneys's fees.  In all other respects, the motion to dismiss is
5  **DENIED**.

6    IT IS SO ORDERED.

7    DATED: This 5th day of February, 2016.

8

9                              _____
10                             UNITED STATES DISTRICT JUDGE