**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TROY AND PAULA BURLEY AND PAUL ACKERMAN AND JUDY ACKERMAN AS TRUSTEES OF THE ACKERMAN FAMILY TRUST, et al., | 3:15-cv-00272-HDM-WGC |
| Plaintiffs, | ORDER |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, a subsidiary of AMERICAN INTERNATIONAL GROUP, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | |

Before the court is defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") motion to dismiss all causes of action in the plaintiffs' second amended complaint pursuant to Federal Rule Civil Procedure 12(b)(6) as well as the claims/prayer for attorney's fees and punitive damages under Rule 12(f). (ECF No. 31). Plaintiffs responded (ECF No. 32) and defendant replied (ECF No.

1

34).  Also before the court is plaintiffs' request for judicial notice in support of their response to the motion to dismiss.  (ECF No. 35).

## I.     Request for Judicial Notice

A district court may take judicial notice of any fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  FED. R. EVID. 201(b).  This includes public records of judicial proceedings that are not subject to reasonable dispute when those proceedings relate to matters at issue.  *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-91 (9th Cir. 2001).

Plaintiffs request that the court take judicial notice of the May 10, 2016 order from the Nevada Court of Appeals affirming the state court judgment in favor of Troy and Paula Burley, et al. (ECF No. 35, Ex. 1).  Defendant has not filed an objection and the time for objecting has expired.  Accordingly, the court takes judicial notice of this public record.

## II.    Motion to Dismiss

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1154 *(*9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

The court need not, however, accept as true those allegations

2

that (1) contradict matters properly subject to judicial notice; (2) are conclusory allegations of law, mere legal conclusions, unwarranted deductions of fact, or unreasonable inferences; (3) are contradicted by documents referred to in the complaint; or (4) are internally inconsistent. *Shwarz*, 234 F.3d at 435; *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *rev'd on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

**A.   Analysis**

On February 17, 2016, plaintiffs amended their complaint. (ECF No. 30). The second amended complaint alleges four causes of action: (1) declaratory relief; (2) satisfaction and enforcement of judgment; (3) breach of duty of good faith and fair dealing; and (4) breach of Nevada insurance laws/statutory bad faith. Defendant moves to dismiss all causes of action, arguing that the plaintiffs have failed to cure the deficiencies noted by the court in the February 5, 2016 order.

**1.   Declaratory Relief and Satisfaction and Enforcement of Judgment**

3

The defendant, as it did in the first motion to dismiss, maintains that the claims for declaratory relief and satisfaction and enforcement of judgment is premature because it was being appealed. The record reflects the Nevada Court of Appeals affirmed the state court judgment in favor of the plaintiffs on May 10, 2016. (ECF No. 35, Ex. 1). As defendant asserts no other basis for dismissal of these claims, the court denies the defendant's motion to dismiss plaintiffs' claims for declaratory relief and satisfaction and enforcement of judgment.

### 2. Breach of Good Faith and Fair Dealing

Defendant argues that plaintiffs have not adequately shown that they have standing to sue for the breach of the covenant of good faith and fair dealing. Plaintiffs argue that since the applicable insurance policy has not been provided, the court cannot make any factual or legal determinations relating to plaintiffs' claims under said policies. As the applicable insurance policy is not part of the record, the court will deny defendant's motion to dismiss plaintiffs' breach of the covenant of good faith and fair dealing claim, without prejudice to renew in a motion for summary judgment at the close of discovery.

### 3. Breach of Nevada Insurance Laws/Statutory Bad Faith

Defendant argues that plaintiffs have not shown that they have standing to sue for unfair claims practices and have pled sufficient facts to state a claim for unfair claims practices. Plaintiffs contend that they have standing to sue for unfair claims practices "on the basis of judicial assignment issued and granted by the State Court." (ECF No. 32 at 15). However, plaintiffs acknowledge that the judicial assignment only concerns the "right to pursue the Judgment

4

against National Union Fire." (*Id.*).

It is well established that third party claimants have no private cause of action under NRS 686A.310. *Tweet v. Webster*, 614 F. Supp. 1190, 1195 (D. Nev. 1985); *Crystal Bay Gen. Improvement Dist. v. Aetna Casualty & Surety Co.*, 713 F. Supp. 1371, 1376 (D. Nev. 1989) (holding that NRS 686A.310 creates no cause of action for a third party claimant against an insurer). As such, plaintiffs have failed to show they have standing to sue for unfair claims practices. Therefore, the court grants defendant's motion to dismiss plaintiffs' statutory bad faith claims.

### 4. Punitive Damages and Attorney's Fees

Defendant argues that plaintiffs' claim and prayer for punitive damages should be dismissed because the only basis for recovery is based on causes of action that fail. The court has denied the motion to dismiss the breach of the covenant of good faith and fair dealing claim. Therefore, the court denies the defendant's motion to dismiss plaintiffs' prayer for punitive damages, without prejudice to renew in a motion for summary judgment at the close of discovery.

Defendant further argues that plaintiffs' claim for attorney's fees should be dismissed because plaintiffs cannot plead a basis for the recovery of attorney's fees. In response, plaintiffs contend that the state court awarded them $228,696.12 in attorney's fees and costs in the underlying state court action and that the applicable insurance policy contains one or more provisions that provide for attorney's fees and costs to the insured as a prevailing party forced to enforce the terms of the policy. (ECF No. 30 at 6). As the applicable insurance policy is not part of the record, the court will deny without prejudice defendant's request to strike plaintiffs' claim for

5

attorney's fees, to renew in a motion for summary judgment at the close of discovery.

**III. Conclusion**

In accordance with the foregoing, defendant's motion to dismiss (ECF No. 31) is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED.

DATED: This 22nd day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE

6